J-S20038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| YASSIN HAYTHAME MOHAMAD | |
| Appellant | No. 1810 WDA 2014 |

Appeal from the PCRA Order of October 17, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No.: CP-26-CR-0000399-2007

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                          **FILED MAY 05, 2015**

Yassin Mohamad appeals the October 17, 2014 order denying his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Mohamad filed the petition at issue in this case outside of the time period prescribed by the PCRA, *see* 42 Pa.C.S. § 9545(b)(1), without satisfying any of the applicable exceptions to that time frame.  *See* 42 Pa.C.S. § 9545(b)(1)(i-iii).  However, even though facially untimely, Mohamad's second petition was filed before the PCRA court took any action on Mohamad's first petition.  The currently prevailing law in Pennsylvania requires us to treat Mohamad's second petition as an amendment to his first unresolved PCRA petition.  *See Commonwealth v. Swartzfager*, 59 A.3d 616, 619 (Pa. Super. 2012).  Accordingly, we remand this case to the PCRA court for further proceedings.

On December 10, 2007, following a jury trial, Mohamad was convicted of two counts each of criminal attempt—homicide, 18 Pa.C.S. §§ 901, 2501, aggravated assault, 18 Pa.C.S. § 2702(a)(2), and simple assault, 18 Pa.C.S. § 2101(a)(1), charges which arose from Mohamad's assault on two prison guards.[1]  On December 14, 2007, the trial court sentenced Mohamad to consecutive terms of ten to twenty years' incarceration on the two counts of criminal attempt—homicide.  The trial court imposed no further penalty on the remaining counts.  The court also ordered that the aggregate twenty to forty year sentence run consecutively to any other sentence that Mohamad was serving at that time.

On December 28, 2007, Mohamad filed a counseled notice of appeal. Mohamad was directed by the trial court to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  However, on April 9, 2008, before he could file a statement, this Court dismissed Mohamad's appeal because Mohamad had failed to file a docketing statement with this Court.

On February 5, 2009, Mohamad filed his first pro se PCRA petition. The record does not indicate that the PCRA court has disposed of this petition in any manner.  Nonetheless, on August 28, 2014, Mohamad filed

---

[1]    Because we dispose of this case based upon procedural grounds, the facts underlying Mohamad's convictions are immaterial to our resolution of this case.  Thus, we will not summarize those facts in this memorandum.

the *pro se* petition at issue in this case, in which he alleged that his sentence was illegal pursuant to the United States Supreme Court's recent decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt). On September 22, 2014, the PCRA court, finding that Mohamad's second petition was untimely and that no exceptions to the time bar applied, issued a notice to Mohamad of the court's intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Mohamad did not respond to the notice within twenty days. Consequently, on October 17, 2014, the PCRA court entered an order formally dismissing Mohamad's petition without a hearing.

On November 3, 2014, Mohamad filed a *pro se* notice of appeal. On November 13, 2014, the PCRA court directed Mohamad to file a Rule 1925(b) statement. However, Mohamad did not comply with the PCRA court's directive. On December 16, 2014, the PCRA court filed a statement in lieu of a Pa.R.A.P. 1925(a) opinion, in which the court noted that, because Mohamad failed to file a concise statement, any issues raised by Mohamad should be deemed to be waived.

Mohamad presents one question for our review: "Whether or not [Mohamad] is entitled to remand for further proceedings upon his illegal and unconstitutional sentence of mandatory minimum sentence claim?" Brief for Mohamad at III.

Before we can address the merits of Mohamad's claim, we first must address the timeliness of Mohamad's petition, and, therefore, the jurisdiction of any Pennsylvania court to resolve Mohamad's claims on the merits. The PCRA's strict and well-settled timeliness requirements are as follows:

> The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542.
>
> In order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline. *See **Commonwealth v. Robinson**,* 837 A.2d 1157, 1161 (Pa. 2003). The time for filing a petition is set forth in 42 Pa.C.S.A. § 9545(b), which provides in relevant part:
>
> **(b) Time for filing petition.—**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b).

> "[T]he time limitations pursuant to . . . the PCRA are jurisdictional." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." *Id.* "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

*Commonwealth v. Jackson*, 30 A.3d 516, 518-19 (Pa. Super. 2011).

Mohamad's second PCRA petition was filed on August 28, 2014, approximately six years after this Court dismissed Mohamad's appeal of his judgment of sentence. Thus, the petition is facially untimely. However, our analysis is complicated by the fact that Mohamad had filed a timely PCRA petition on February 5, 2009, which was not ruled upon in any manner by the PCRA court. Based upon our recent decision in *Swartzfager*, we conclude that Mohamad's second petition is an amendment to his first unresolved PCRA petition, and that the PCRA court retains jurisdiction to dispose of all of Mohamad's PCRA claims.

In *Swartzfager*, the appellant filed a timely PCRA petition. However, his attorney incorrectly determined that the petition was untimely, and requested to withdraw as counsel for the appellant via a *Turner/Finley* no-merit letter.[2] The PCRA court granted counsel's motion to withdraw as

---

[2]  *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

counsel and issued a Rule 907 notice of intent to dismiss the PCRA petition without an evidentiary hearing. The appellant then filed a premature notice of appeal. The PCRA court never entered an order dismissing the PCRA petition. This Court quashed the appeal as interlocutory. No other action was taken on the case until approximately ten years later when the appellant filed a second PCRA petition. The PCRA court dismissed the second petition as untimely. **Swartzfager**, 59 A.3d at 617-18.

On appeal, we reversed the PCRA court, holding that the second petition should have been considered by the PCRA court as an amendment to the first unresolved PCRA petition. **Id.** at 619. We explained our rationale as follows:

> Pennsylvania law vests PCRA courts "with discretion to permit the amendment of a pending timely-filed post-conviction petition. . . ." **Commonwealth v. Flanagan**, 854 A.2d 489, 499 (Pa. 2004).
>
>> [T]he prevailing rule remains simply that **amendment is to be freely allowed to achieve substantial justice**. The [Pennsylvania Supreme] Court has recognized that adherence to such rules governing post-conviction procedure is particularly appropriate since, in view of the PCRA's time limitations, the pending PCRA proceeding will most likely comprise the petitioner's sole opportunity to pursue collateral relief in state court.
>
> **Id.** at 500 (emphasis added) (internal citations omitted). In the absence of a final ruling on a timely-filed first PCRA petition, another petition for post-conviction relief can be considered an amended first timely petition. **See Commonwealth v. Williams**, 828 A.2d 981 (Pa. 2003) (holding *pro se* petitioner's subsequent PCRA petitions constituted amendments to timely-filed first petition; although petitioner filed *pro se* motion to withdraw first PCRA petition, court took no action on motion; thus, motion to withdraw first PCRA petition was without effect,

first PCRA petition remained valid, and court could not find subsequent PCRA petitions untimely).

Nevertheless, the PCRA also provides for the dismissal of a properly filed petition under certain circumstances:

**§ 9543. Eligibility for relief**

* * *

**(b) Exception.**—Even if the petitioner has met the requirements of subsection (a), the petition shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner.  A petition may be dismissed due to delay in filing by the petitioner only after a hearing upon a motion to dismiss.  This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S. § 9543(b).  Recently, our Supreme Court held that Section 9543(b) applies to delays in the filing of original **or** amended PCRA petitions:

[T]he Commonwealth's construction of Section 9543(b) as applicable to delays in filing either original or amended petitions is the most consistent with the legislative intent underlying the PCRA.  Initially, we note that Section 9543(b) was enacted as part of the General Assembly's overhaul of the post-conviction relief process in 1988, . . . and the requirement that an evidentiary hearing be held prior to dismissal for a delay in filing that causes prejudice to the Commonwealth was added *via* the 1995 amendments to the PCRA, which also created the one-year jurisdictional time bar. . . .  We have observed that this one-year time limitation, coupled with its few exceptions, reflects a legislative balance between the competing concerns of the finality of adjudications and the reliability of convictions.  Section 9543(b) further demonstrates this balance by permitting a PCRA court to dismiss a matter on grounds of delay, which promotes the interest in finality, while requiring an evidentiary hearing where the Commonwealth must prove prejudice, thereby protecting

> the reliability of the underlying conviction. Similarly, as the Commonwealth points out, Section 9543(b) specifies that prejudice can occur "at any time," indicating that it was not only the commencement of PCRA proceedings with which the Legislature was concerned.
>
> ***Commonwealth v. Renchenski***, 53 A.3d 251, 259 (Pa. 2012) (internal citations omitted). ***See also Commonwealth v. Markowitz***, 32 A.3d 706, 712-13 (Pa. Super. 2011) (stating delay in filing amended PCRA petition can cause Commonwealth undue prejudice in its ability to respond to petition or re-try case; court can consider delay in submitting amended petition when conducting prejudice analysis).

***Swartzfager***, 59 A.3d 619-20 (emphasis in original; citations modified). Ultimately, we held that the appellant's second PCRA petition "should be construed as an amendment to his still open and timely-filed" first PCRA petition. ***Id.*** at 620. We recognized that the delay might have caused prejudice to the Commonwealth, and further held that "the best resolution of this case is to vacate and remand for further proceedings," including a prejudice hearing and any hearings that may be necessary to adjudicate any viable issues raised in the appellant's petitions. ***Id.*** at 620-21, n.4.

For the same reasons espoused in ***Swartzfager***, we likewise conclude that Mohamad's second PCRA petition should be construed as an amendment to his first unresolved PCRA petition. Accordingly, we vacate the PCRA court's order dismissing the petition. Upon remand, the PCRA court must hold a hearing on whether the approximately six-year delay in filing the second PCRA petition caused prejudice to the Commonwealth as described in ***Swartzfager***. Because Mohamad's first PCRA petition is still unresolved, the court also must ascertain whether Mohamad is entitled to, or

desires, the appointment of counsel. Finally, if the Commonwealth cannot demonstrate prejudice, the PCRA court must then resolve Mohamad's PCRA claims in accordance with the governing law.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2015